UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRETT M.,[1]

                                             Plaintiff,        Case # 19-cv-01235-FPG

v.                                                                   DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                           Defendant.
_____

## INTRODUCTION

On August 13, 2015, Plaintiff Brett M. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). Tr.[2] 78. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Roseanne M. Dummer on December 19, 2017. Tr. 11. At the hearing, Plaintiff and vocational expert, Carly N. Coughlin, testified. *See* Tr. 43-77. On January 10, 2018, the ALJ issued an unfavorable decision. Tr. 11-25. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-3. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 6.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

**I.   District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.  Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

**DISCUSSION**

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity from August 13, 2014 to June 8, 2015. Tr. 13. However, the ALJ also determined that there was a continuous 12-month period during which the claimant did not engage in substantial gainful activity, sufficient for a disability determination. Tr. 14. At step two, the ALJ found that Plaintiff has the following severe impairments: migraine headaches, genetic mutation medically managed, depression, and anxiety. *Id.*

At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 14-15. The ALJ determined that Plaintiff maintains the RFC to perform medium work as defined in CFR 404.1567(c). Tr. 15. However, the ALJ found that Plaintiff has exertional limitations including that Plaintiff: can lift/carry 50 pounds occasionally and 25 pounds frequently; can sit six hours of an eight hour day and stand/walk six hours of an eight hour day; and should avoid work hazards, commercial driving, bright lights, flashing lights, and concentrated exposure to extreme heat. *Id.* Additionally, the ALJ found that Plaintiff has the following non-exertional limitations including that Plaintiff: can understand, remember, and carry out instructions for routine, repetitive, unskilled, work; can sustain attention and concentration for two-hour time segments in an eight hour day; can tolerate brief and superficial work-related, task-oriented contact with others; can tolerate occasional public contact; can adapt to changes for routine, repetitive unskilled work; and must avoid fast paced, high production goal work. Tr. 15.

In formulating the RFC, the ALJ applied "significant weight" to the opinion of consultative

physical examiner John Schwab, D.O., who opined that Plaintiff's only physical restriction was to "avoid bright lights." Tr. 21. The ALJ afforded "minimal weight" to the disabling findings of Horacio Capote, M.D., Plaintiff's treating psychiatrist, who restricted Plaintiff from work in June 2015. Tr. 22. In support of the minimal weight application, the ALJ determined that while the evidence showed that Plaintiff had depression problems, blunted affect, and diminished concentration, the findings were mostly normal in speech, thought process/content, memory, fund of knowledge, insight and judgment. *Id.* The ALJ also applied "limited weight" to the opinion of consultative psychological examiner, Janine Ippolito, Psy. D., who opined that Plaintiff had depression and generalized anxiety disorder with panic attacks. *Id.* She opined that the symptoms Plaintiff suffered from may significantly interfere with functioning, that Plaintiff had mild limitations in maintaining attention and concentration, moderate to marked limitations in maintaining a regular schedule and relating with others, and marked limitations in appropriately dealing with stress. *Id.* In affording this opinion limited weight, the ALJ determined that Dr. Ippolito's findings were based on her one-time evaluation but were not supported elsewhere in the record. *Id.* Finally, the ALJ afforded "limited weight" to the opinion of G. Kleinerman, M.D., state agency psychological consultant, who opined that Plaintiff had moderate limitations in various areas of functioning. *Id.* However, the ALJ applied "some weight" to Dr. Kleinerman's opinion that Plaintiff could perform simple, repetitive tasks in a low contact and low stress setting. Tr. 23.

At steps four and five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform including, for example, order filler, laundry worker, packager, price marker, and housekeeper. Tr. 24. As such, the ALJ found that Plaintiff was not disabled.

**II.     Analysis**

Plaintiff takes issue with the ALJ's decision on the basis that the ALJ (1) gave only limited weight to all psychiatric opinions, thereby creating a gap in the record and ultimately crafting an RFC without sufficient evidentiary support, and (2) otherwise improperly evaluated the medical evidence by mischaracterizing the record and cherry-picking from the available medical records. ECF No. 9-1 at 1. Because this Court agrees that remand is required under Plaintiff's first argument, it does not address Plaintiff's other argument.

While the RFC determination is reserved for the ALJ, *see generally* 20 C.F.R. §§ 404.1527 and 416.927, an ALJ's assessment is "a medical determination that must be based on probative medical evidence of record . . . . Accordingly, an ALJ may not substitute [her] own judgment for competent medical opinion." *Lewis v. Comm'r of Soc. Sec.*, No. 6:00 CV 1225 GLS, 2005 WL 1899399, at *3 (N.D.N.Y. Aug. 2, 2005) (internal citations omitted). Thus, it follows that,

> an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence. Where the 'medical findings in the record merely diagnose [the] claimant's [] impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the ALJ may not] make the connection [her]self.'

*Daily v. Astrue*, No. 09-CV-0099(A)(M), 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)) (additional citations omitted). *See Goldthrite v. Astrue*, 535 F. Supp. 2d 329, 339 (W.D.N.Y. 2008) ("An ALJ must rely on the medical findings contained within the record and cannot make his own diagnosis without substantial medical evidence to support his opinion.").

Here, the ALJ's decision discusses at length Plaintiff's medical history, treatment, and aspects of his testimony. Tr. 16-23. Despite the well-documented history of Plaintiff's mental

health problems, for which he seeks regular treatment, the evidence discussed does not address specifically how Plaintiff's impairments affect his mental ability to perform work related functions. *Id.* Indeed, the only evidence which does so are the psychiatric opinions from Dr. Capote, Dr. Ippolito, and Dr. Kleinerman—to which the ALJ applied only limited weight. Tr. 22. By not assigning significant weight to any opinions and, instead, assigning only limited weight to each, it is unclear to this Court how the ALJ, who is not a medical professional, determined that Plaintiff retained the RFC described above. Rather, by applying only limited weight to each opinion, the ALJ created a gap in the record necessitating remand. *See Garrett v. Comm'r of Soc. Sec.*, No. 17-CV-1009-FPG, 2019 WL 2163699, at *5 (W.D.N.Y. May 17, 2019) (citing *Stein v. Colvin*, No. 15-CV-6753-FPG, 2016 WL 7334760, at *4 (W.D.N.Y. Dec. 19, 2016) ("[T]he ALJ's rejection of the only medical opinion in the record created an evidentiary gap in the record requiring remand.") (internal citations omitted)) (additional citations omitted); *see also House v. Astrue*, No. 5:11-CV-915 (GLS), 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013) (the ALJ's rejection of the treating physician's opinion, while proper, nonetheless necessitated remand because the absence of another medical assessment created an evidentiary gap in the record).

On remand, the ALJ should obtain medical opinions, specifically from Plaintiff's treating psychiatrist, regarding Plaintiff's limitations on work related activities, to substantiate the record and consider in formulating the RFC. *See Garrett*, 2019 WL 2163699, at *5 (remanding and suggesting the ALJ obtain additional medical opinions where the ALJ had previously applied limited weight to all medical opinions of record) (citing *Zorila v. Chater*, 915 F. Supp. 662, 666-67 (S.D.N.Y. 1996) ("The lay evaluation of an ALJ is not sufficient evidence of the claimant's work capacity; an explanation of the claimant's functional capacity from a doctor is required.")) (additional citations omitted).

This is especially true in the context of mental health, where the ALJ cannot render a "common sense judgment" as to Plaintiff's functional capacity without a medical opinion, given the highly complex and individualized nature of mental health impairments. *See Lilley v. Berryhill*, 307 F. Supp. 3d 157, 161 (W.D.N.Y. 2018); *see also Stein*, 2016 WL 7334760, at *4 (remanding where the ALJ provided an RFC after discounting the only medical opinion of record and plaintiff had longstanding mental impairments including anxiety and depression such that a common sense judgment was inappropriate); *Palascak v. Colvin*, No. 1:11-CV-0592 (MAT), 2014 WL 1920510, at *9 (W.D.N.Y. May 14, 2014) ("Given Plaintiff's multiple physical and mental impairments, this is not a case where the medial evidence shows relatively little physical impairment such that the ALJ can render a common sense judgment about functional capacity.") (internal quotations and citations omitted).

In support of the ALJ's determination, the Commissioner points to the ALJ's reliance on the opinion of state agency consultant, Dr. G. Kleinerman,

> who reviewed the record, and found Plaintiff only moderately limited in his ability to work in coordination with, or in proximity to, others without being distracted by them, and only moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods.

ECF No. 14-1 at 7. Though the Commissioner is correct that non-examining source opinions, like Dr. Kleinerman's, can constitute substantial evidence in support of the ALJ's decision, *see Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1995), the opinion here was allocated only limited weight in formulating the ALJ's decision—like all the other psychiatric opinions of record. Additionally, Dr. Kleinerman noted that Plaintiff was moderately limited in numerous other areas of functioning, including, for example, the ability to maintain attention and concentration, interact appropriately

7

with the public, and respond appropriately to changes in the work setting. Tr. 87-88. While the RFC indicates that Plaintiff can perform repetitive tasks as opined by Dr. Kleinerman, the RFC also states that Plaintiff can adapt to changes and can tolerate brief and superficial work-related contact with others and occasional public contact—seemingly contrary to the opinion of Dr. Kleinerman. Tr. 15. Thus, it is unclear what portions of this opinion, if any, ultimately translated into the RFC, and it alone is insufficient support for the ALJ's determination.

Finally, while it is true that the application of limited weight does not necessarily mean the ALJ completely rejected the medical opinions, it still must be apparent from the ALJ's decision that the medical evidence of record supports the ultimate RFC determination. *See, e.g.*, *Hamilton v. Comm'r of Soc. Sec.*, No. 19-CV-770 (JLS), 2020 WL 5544557, at *4-5 (W.D.N.Y. Sept. 16, 2020) (ALJ's application of limited weight to the only medical opinion of record affirmed where the RFC finding was clearly supported by the evidence of record); *Beckles v. Comm'r of Soc. Sec.*, No. 18-CV-321P, 2019 WL 4140936, at *4 (W.D.N.Y. Aug. 30, 2019) (rejecting the argument that the RFC was not supported by medical opinion evidence where the ALJ gave "partial" weight to the consultative medical opinion, which was the sole medical opinion in the record regarding the plaintiff's limitations). That is simply not the case here.

As Plaintiff argues, the medical opinions that the ALJ considered in determining the RFC here often provided for more severe restrictions than those ultimately incorporated in the RFC. For example, Dr. Ippolito opined that Plaintiff had marked limitations in dealing with stress, distractibility, and fatigue, and noted that the symptoms may "significantly interfere" with Plaintiff's ability to function on a daily basis. Tr. 361. Even a cursory review of Plaintiff's treatment notes from DENT Neurological Institute ("DENT") support such an opinion. For example, Plaintiff was regularly noted as having severe depression, trouble concentrating, and

having little energy.  *See, e.g.*, Tr.  310, 313, 317, 318, 321, 324, 385, 389, 392, 396, 404, 409, 412.  Indeed, Plaintiff was noted by the providers at as lacking "a significant quality of life" based on his level of functioning.  Tr. 387, 391.  Nevertheless, this opinion does not seem to be incorporated into the RFC.

Thus, for the reasons set forth above, this Court cannot say that the RFC is supported by substantial medical evidence where each medical opinion was afforded only limited weight.  This case is therefore remanded for further proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 9, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 14, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated:  December 21, 2020
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court